UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL WHITE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>LA PILATES CARLSBAD, an entity of unknown form, JLC MANAGEMENT, LLC, a Nevada limited liability corporation, JEFF CLARK, an individual, RAY CHUNG, an individual, and DOES 1-15,<br><br>　　　　　　　　　Defendants. | Case No.:  20cv2054 DMS (MSB)<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS** |

　　　This matter comes before the Court on Defendants' motion for sanctions pursuant to Federal Rule of Civil Procedure 11. Plaintiff filed an opposition to the motion, and Defendants filed a reply.

　　　"Rule 11 requires the imposition of sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Conn v. Borjorquez*, 967 F.2d 1418, 1420 (9th Cir. 1992) (citing *Operating Engineers Pension Trust v. A-C Company*, 859 F.2d 1336, 1344 (9th Cir. 1988)). In determining whether a claim is frivolous or brought for an improper purpose, the standard is one of objective

reasonableness. *See id.* at 1421. "'If, judged by an objective standard, a reasonable basis for the position exists in both law and fact at the time the position is adopted, then sanctions should not be imposed.'" *See id.* (quoting *Golden Eagle Dist. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986). The central purpose of the rule is to deter baseless filings in district court and streamline administration and procedure of the federal courts. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The Ninth Circuit has held: "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers*, 859 F.2d at 1345.

      Here, Defendants argue Plaintiff's First Amended Complaint[1] is rife with false allegations, and that Plaintiff's case is clearly frivolous, legally unreasonable, without legal foundation, and brought for an improper purpose. It is true Plaintiff's original Complaint alleged Plaintiff was the owner of a trademark on the "Principal Register," when in fact the mark was on the "Supplemental Register." It is also true that Plaintiff's Complaint alleged Plaintiff first used the mark in April 2018, and that the First Amended Complaint alleged Plaintiff first used the mark in February 2017. Neither of these discrepancies, however, nor any of Defendants' other allegations, rises to the level of a Rule 11 violation. Clearly, there is a dispute between the parties on a number of issues, *e.g.*, whether they entered into a contract, the terms of any purported contract, and specifically, whether Plaintiff granted Defendants any rights to the trademark at issue. Judging the case by an objective standard at this early stage, before the Court has heard Defendants' motion to dismiss, the Court

///
///
///
///

---

[1] When this motion was filed, Defendants believed that Plaintiff's First Amended Complaint was the operative pleading, and thus, their arguments are addressed to that document rather than the Second Amended Complaint.

cannot say Plaintiff's allegations lack any reasonable basis in law or fact. Therefore, Defendants' motion for sanctions is denied.[2]

**IT IS SO ORDERED**.

Dated: April 27, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[2] In his opposition to Defendants' motion, Plaintiff requested attorneys fees for having to oppose this motion. That request is also denied. Going forward, the Court encourages counsel for both sides to review and adhere to Civil Local Rule 2.1.