UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL WHITE,<br><br>         Plaintiff,<br><br>v.<br><br>LA PILATES CARLSBAD, an entity of unknown form, JLC MANAGEMENT, LLC, a Nevada limited liability corporation, JEFF CLARK, an individual, RAY CHUNG, an individual, and DOES 1-15,<br><br>         Defendants. | Case No.: 20cv2054 DMS (MSB)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

This case comes before the Court on the motion to dismiss filed by Defendants Carlsbad Fitness Investment Group LLC, JLC Management, LLC, Jeff Clark, and Ray Chung. Plaintiff filed an opposition to the motion, and Defendants filed a reply. For the reasons set out below, the Court denies the motion.

**I.**

**BACKGROUND**

Plaintiff Daniel White filed the present case on October 19, 2020. In his original Complaint, White alleged claims for trademark infringement, false designation of origin,

common law trademark infringement, common law unfair competition, unfair competition under California Business and Professions Code § 17200 *et seq.*, aiding and abetting trademark infringement, and aiding and abetting false designation of origin against Defendants LA Pilates Carlsbad ("LAPC"), JLC Management LLC ("JLC"), Jeff Clark, and Ray Chung.

After a status conference with the Court, Plaintiff filed a First Amended Complaint ("FAC") in which he realleged the claims from his Original Complaint, but with slightly different facts. For instance, in the Original Complaint, Plaintiff alleged he was the owner of a trademark registered on the Principal Register, but in the FAC Plaintiff alleged the trademark was registered on the Supplemental Register. (*Compare* Orig. Compl. ¶11 *with* FAC ¶11.) Plaintiff also alleged in the FAC that he had used the trademark since February 2017, whereas in the Original Complaint he alleged he had used the trademark since April 2018. (*Compare* Orig. Comp. ¶12 *with* FAC ¶12.) The FAC also included new allegations about secondary meaning, (FAC ¶24), including an allegation that Plaintiff had used the trademark for each of his four business locations "for almost four years[.]" (*Id.*)

Following the filing of the FAC, Plaintiff filed a motion for preliminary injunction supported by his own Declaration. (*See* ECF No. 12.) In that Declaration, Plaintiff set out a more complete recitation of the facts giving rise to the present case. He stated he began using the name "LA Pilates" in February 2017 in connection with his Norwalk studio, and that he applied for the trademark in March 2017. (Decl. of Daniel White in Supp. of Mot. For Preliminary Injunction 3.) Plaintiff stated he opened a second studio in Norwalk in July 2018, a third studio in Downey in August 2018, a fourth studio in Long Beach in July 2020, and a fifth studio in La Habra in August 2020, and that all of the studios used the name "LA Pilates." (*Id.* ¶4.) Plaintiff went on to state that in late 2017, he entered into discussions with Defendants Clark and Chung about "possibly becoming a minority partner in what eventually became LAPC." (*Id.* ¶9.) During those discussions, Plaintiff stated that he "orally agreed" the new studio could use the name "LA Pilates" as consideration for his expected minority interest in the studio. (*Id.* ¶10.) Plaintiff stated,

2

> In the expectation that an agreement would be signed and that I would receive the promised minority interest in the new Carlsbad studio, I actually assisted with providing to LAPC the same signage bearing the 'LA Pilates' name and logo that I use for my businesses in Norwalk, Downey, La Habra, and Long Beach.

(*Id.*) Plaintiff stated he also "assisted LAPC with its marketing", including providing "marketing services free of [charge] from May 2018 through January 2020[.]" (*Id.* ¶11.) Plaintiff went on to state that when the parties' discussions broke down, he instructed his attorneys to give notice to Defendants "to cease and desist from using the Trademark." (*Id.* ¶13.) It appears Plaintiff's counsel provided that notice in a letter dated September 4, 2020, a little more than a month before the present case was filed. (*See* Decl. of Stuart Clark in Supp. of Mot. For Preliminary Injunction, Ex. A.)

Plaintiff has since filed a Second Amended Complaint against Defendants JLC, Clark, Chung and Carlsbad Fitness Investment Group, LLC ("CFIG") realleging the claims asserted in his previous Complaints. LAPC is no longer a named Defendant. In the SAC, Plaintiff admits LAPC initially used the trademark with his approval. (SAC ¶14.) Plaintiff goes on to allege that he later withdrew that approval, but LAPC continues to use the trademark. (*Id.*)

## II.

## DISCUSSION

Defendants raises two primary arguments in support of their motion to dismiss. First, they argue Plaintiff has failed to allege Defendants are infringing Plaintiff's trademark. Second, Defendants assert the trademark is not enforceable against them. The Court addresses these arguments below.

**A. Legal Standard**

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court established a more stringent standard of review for 12(b)(6) motions. To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 680. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

**B.   Trademark Infringement**

Plaintiff's first claim alleges trademark infringement. "[A] claim for trademark infringement requires only two elements: (1) ownership of a trademark, and (2) that the plaintiff show a likelihood of confusion through the balancing of eight factors." *Wells Fargo & Co. v. ABD Ins. & Financial Services, Inc.*, 758 F.3d 1069, 1072 (9th Cir. 2014) (citing *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012)). Defendants do not address either of these elements in their motion to dismiss. Instead, they argue they had Plaintiff's permission to use the trademark, and the mark is not otherwise enforceable against them.

"Acquiescence or permission is an affirmative defense[ ]" to a claim of trademark infringement. *Grey v. Campbell Soup Co.*, 650 F.Supp. 1166, 1168 (C.D. Cal. 1986). Generally, "affirmative defenses may not be raised on a motion to dismiss[.]" *McShannock v. JP Morgan Chase Bank NA*, 976 F.3d 881, 893 n.9 (9th Cir. 2020). Furthermore, although Plaintiff alleges he initially gave Defendants permission to use his trademark, he also alleges he withdrew that permission, but Defendants continue to use the trademark. (SAC ¶14.) In light of those allegations, Defendants' first argument does not warrant dismissal of Plaintiff's trademark infringement claim.

Defendants' second argument is that the trademark is not enforceable against them. Specifically, Defendants argue Plaintiff's trademark is descriptive, and therefore only enforceable if it has secondary meaning. Defendants assert Plaintiff has failed to allege sufficient facts to support a showing of secondary meaning, therefore the claim should be dismissed. Plaintiff disagrees that he has failed to allege sufficient facts to show secondary meaning, and also argues the issue of secondary meaning is a factual one inappropriate for resolution on a motion to dismiss.

The Court agrees with Plaintiff that the issue of secondary meaning is not appropriate for resolution on the present motion. *See Scott Griffith Collaborative Solutions, LLC v. Falck Northern Cal. Corp.*, No. C 19-6104 SBA, 2020 WL 1548466, at *5 (N.D. Cal. Jan. 6, 2020) (declining to resolve issue of secondary meaning "[g]iven the fact-specific nature of this inquiry[ ]"); *Fiji Water Co., LLC v. Fiji Mineral Water USA, LLC*, No. SACV 09-01148-CJC(MLGx), 2010 WL 11526800, at *2 (C.D. Cal. July 28, 2010) (stating that whether a trademark has acquired secondary meaning cannot be determined on a motion to dismiss). Indeed, the same may be said for the threshold issue of whether Plaintiff's trademark is descriptive. *See Zobmondo Entertainment, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010) ("Which category a mark belongs in is a question of fact."); *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013) (stating court's task on 12(b)(6) motion to dismiss is not to resolve factual disputes, but to determine whether allegations support claim). Therefore, Defendants' second argument also does not warrant dismissal of Plaintiff's trademark infringement claim.

**C.  Other Claims**

Defendants' motion to dismiss Plaintiff's other claims depends primarily on the two arguments set out above, which the Court has rejected. However, Defendants raise two other arguments that deserve mention.

First, Defendants assert Plaintiff's claim under § 17200 should be dismissed because Plaintiff has failed to allege facts to support "what statement made by who (and to whom) was false or misleading, and how [Plaintiff] was allegedly damaged by it[.]" (Mot. at 22.)

5

However, Plaintiff does not appear to be alleging a claim under the "fraudulent" prong of § 17200. Rather, his § 17200 claim appears to be based on the "unlawful" and "unfair" prongs only. (*See* Opp'n to Mot. at 19) (stating § 17200 claim alleges "unlawful and unfair acts of trademark infringement and false designation of origin"). Thus, Defendants' argument does not warrant dismissal of Plaintiff's § 17200 claim.

The only other argument Defendants raise is a general one, namely, that Plaintiff has failed to allege sufficient facts to support the elements of damages or likelihood of confusion. However, the Court disagrees with both of these assertions. Contrary to Defendants' arguments, Plaintiff has alleged facts to support the element of damages. Specifically, Plaintiff alleges he has been "effectively precluded from using his own mark for any business in the Carlsbad area because of the consumer confusion that this would cause." (SAC ¶16.) He also alleges that he "has been substantially injured in his businesses, resulting in lost revenues and profits, and diminished goodwill and reputation," (*id.* ¶28), and that he has been unable "to make full use of the Trademark." (*Id.* ¶29.) As for likelihood of confusion, Plaintiff has also alleged facts to support that element. Specifically, Plaintiff alleges Defendants have copied Plaintiff's trademark and are using it in "their advertising, marketing, and … fitness training related services," which "is likely to cause further confusion, to cause mistake, and/or to deceive consumers as to the origin, source, sponsorship, or affiliation of LAPC's services." (*Id.* ¶25.) These allegations are sufficient to allow Plaintiff's claims to proceed.

///
///
///
///
///
///
///
///

## III.

## CONCLUSION AND ORDER

For the reasons discussed above, the Court denies Defendants' motion to dismiss.

**IT IS SO ORDERED**.

Dated: July 9, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court